Gilbert agt. Covell.

## SUPREME COURT.

ETHAN A. GILBERT, Appellant agt. RICHARD COVELL, Respondent.

An answer which does not set up any new matter, but merely denies conclusions of law, is insufficient and frivolous. And before the amendment of § 153 of the Code, (1857) the plaintiff was not confined to his remedy by motion ; he might, in all cases, *demur* to an answer for insufficiency.

But since the amendment of § 153, the plaintiff can only demur to an answer when the same contains *new matter ;* leaving him to move for judgment where the answer is frivolous, or to raise the question at the trial.

*Monroe General Term, December,* 1857.

JOHNSON, WELLES *and* SMITH, *Justices.*

APPEAL from an order of special term, entered in August, 1856, overruling demurrers to 1st and 2d answers.

JOHN POMEROY, *for appellant.*
J. L. ANGLE, *for respondent.*

By the court—WELLES, Justice. The complaint is upon a

promissory note made by the defendant to Simeon Alvord or bearer, for $300, dated October 1, 1855, payable one day from date, with interest. The complaint, after setting out the note, states that Alvord, before the commencement of the action, " sold, transferred and delivered the said promissory note to the above named plaintiff, who is now the lawful owner and holder of said note," and then alleges non-payment, &c.

The first answer denies, upon the information and belief of the defendant, that the plaintiff is the owner or holder of the note.

In the second answer, the defendant " denies that he is, in any manner, indebted to the plaintiff upon the said note, or that he is so indebted to the amount stated in that behalf in said complaint."

The plaintiff demurs specially to each of these answers for insufficiency.

The answers are clearly insufficient. They neither of them deny any material fact stated in the complaint. The facts stated in the complaint, show a good cause of action, not one of which is denied by either answer, and therefore, on these demurrers, must be all taken as true. Neither does either answer set up new matter by way of defence or otherwise. They both consist only of denials of conclusions of law. The answers are clearly frivolous, and the plaintiff would have been entitled to judgment upon them, on motion under § 247 of the Code.

But the plaintiff was not confined to his remedy by motion. By § 153 of the Code, as amended by the act of March 3d, 1855, (*ch. 44, p. 54 of L. of* 1855,) the plaintiff may, *in all cases,* demur to an answer for insufficiency.

If the answers are frivolous, they certainly are insufficient. But whether frivolous or not, no one can doubt their insufficiency ; and even aside from the act of 1855, it was erroneous to render judgment in favor of the defendant, unless the answers were good in law. If the court at special term had been of opinion that demurrers to these answers were irregular, he should have either declined to hear them, or set them

aside as irregular. By ordering judgment for the defendant upon them, he in effect, adjudged the answers sufficient.

The judgment of the special term should be reversed, and the plaintiff should have judgment upon the demurrers.

NOTE. By section 153 of the Code, as amended in 1857, a plaintiff is now only allowed to demur to an answer, when the same contains new matter, leaving the plaintiff to move for judgment where the answer is frivolous, or to raise the question at the trial.